UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Case No. 20-MJ-07137-JCB

UNITED STATES OF AMERICA,

   Plaintiff                                              11/10/2020

v.

NOSAYAMEN IYALEKHUE,

   Defendant

**DEFENDANT'S SENTENCING MEMORANDUM**

Mr. Nosayamen Iyalekhue, by his attorney, respectfully submits this sentencing memorandum in support of his request for a sentence of 6 months, (he has served more than 5 months in pretrial detention), followed by 2 years suspended sentence/supervised release, to begin with six months of home confinement, with permission to leave home for medical appointments, work and family visits. The sentence requested is "sufficient, but not greater than necessary" to achieve the

purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). As set forth below, the seriousness of Mr. Iyalekhue's offense is substantially mitigated by emotional distress he has suffered since his pre-trial detention, the loss of job, ostracization from his community as well as his demonstrated remorse. There is no need to further incapacitate Mr. Iyalekhue to prevent him from committing further crimes, given his extraordinarily low risk of recidivism, as he is likely to be deported. Nosayamen has a 4 year old daughter here in Massachusetts. He is a responsible and caring father.

## LEGAL STANDARDS IN SENTENCING

Sentencing is a discretionary function of the trial court which contemplates a process of reasoning based upon the facts presented to the Court. McCleary v. State, 49 Wis. 2d 263, 277 (1971). The primary standards that the Court must consider when sentence is imposed includes but are not limited to: (1) the gravity of the offense, (2) the character and rehabilitation need of the offender, and (3) the need for protection of the public. State v. Gallion, 270 Wis. 2d 535 (2004). Due to the fact that defendant will most likely be deported as soon as he is released, it will make the most sense to give him credit for the time already served and have the rest of his sentence suspended.

## CRIMINAL RECORD

Mr. Iyalekhue has no criminal record. The Commonwealth of Massachusetts has dropped all the charges against him at the Dedham district Court

## DEFENSE SENTENCING RECOMENDATION

Defense respectfully recommends that Defendant be given 6 months jail term, with 24 months suspended sentence and 12 month probation. Defendant understands that if the Court goes along with this recommendation, he is getting a "break." He understands that should he violate his probation he will likely be returned to the Court for sentencing and face a substantial period of confinement. The Commonwealth of Massachusetts has dropped all charges against him at Dedham district Court. Due to lack of a criminal record, and the non-violent nature of the alleged offense, Mr. Nosayamen is a good candidate for probation. He has been a model inmate at Norfolk prison, where he is still being held since arrest. He has followed every rule and has not had a single negative record.

## MEMORANDUM OF LAW

This memorandum examines the issue of whether an advisory guideline range of 63 to 78 months constitutes a just sentence. The answer seems apparent. Mr. Nosayamen's case demonstrates the essential irrationality and cruelty of the guidelines. While this memorandum establishes that a variance is warranted under 18 U.S.C. § 3553, considering the fact that

defendant has shown remorse, accepted responsibility, and been incarcerated for the past six months.

Booker and its Progeny Provides the Court with the Discretion to Impose a suspended sentence here. A district court's discretion is no longer limited by the guidelines since its matrix is now considered merely advisory. United States v. Booker, 543 U.S. 220, 245-67 (2005). Thus, a court is now unencumbered in its ability "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Gall v. United States, 552 U.S. 38, 53 (2007) (quoting Koon v. United States, 518 U.S. 81 (1996)).

Congress has identified four "purposes" of sentencing: punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2). To achieve these ends, § 3553(a) requires sentencing courts to consider not only the advisory Guidelines range, but also the facts of a specific case through the lens of seven factors as discussed below. See 18 U.S.C. § 3553(a)(1)-(7). Against the backdrop of the seven statutory factors, the application of the career offender guidelines is antagonistic to a just sentence. An Examination of the § 3553 Factors Establishes that a Variance is Warranted in Mr. Nosayamen's case. He is a non-violent, offender. His criminal conduct was limited in scope. The documents that were used in this alleged offense where prepared and sent to him by some people outside United States. Defendant was forced to participate in this criminal event to help pay the enormous medical bills of his sibling who is suffering from a chronic illness.

As a low-level and non-violent offender, Nosayamen is not the type of defendant that the career offender guideline was meant to address. See United States v. Newhouse, 919 F.Supp. 2d. 955, 959 (N.D. Iowa 2013) (imposing significant variance in case involving street-level offender based on the conclusion that career offender guideline does not achieve just sentencing in such cases). Notwithstanding the foregoing, Mr. Nosayamen comprehends that this case represents an ugly chapter that he has to deal with for the rest of his life, with the attendant stigma.

Defense prays the court not to disregard the additional penalties and hardships that will accompany Mr. Nosayamen's felony record. Based on his conviction, Mr. Nosayamen will face an overwhelming number of collateral consequences. He has already lost the opportunity to renew his green card and will most likely be deported as soon as he finishes serving whatever sentence this Honorable Court will order.

Evidence has established that imprisonment does not reduce recidivism more than noncustodial sanctions. Francis T. Cullen et al., Prisons Do Not Reduce Recidivism: The High Cost of Ignoring Science, 91 Prison J. 48S, 50S-51S (2011). In this regard, the 2016 study by the National Institute of Corrections establishes three critical tenets. First, incarceration has a negligible impact on crime prevention. Instead, a longer prison sentence may actually lead to a greater risk of recidivism. See id. There is strong evidence that prison—by disrupting education and employment, reducing prospects for future employment, weakening family ties, and exposing less serious offenders to older more serious offenders—leads to increased recidivism. See the Criminogenic Effects of Imprisonment: Evidence from State Panel Data 1974-2002, 6 Criminology & Public Policy 589 (2007).

## CONCLUSION

The Defendant, Nosayamen, by and through his undersigned attorney, respectfully submits his Sentencing Memorandum for this Honorable Court's consideration. Mr. Nosayamen requests this Court to review the circumstances of his case pursuant to 18 U.S.C. § 3553, and impose a variance in his case, based on Mr. Nosayamen's minor role, time he has already served, the fact that he will likely be deported once he serves his prison term and acceptance of responsibility.

Respectfully Submitted

Nosayamen Iyalekhue,

By His Attorney,

Signed: *[signature]*

Christian N. Okonkwo

BBO#680306

140 Union Street, Suite 312

Lynn, MA 01901

617 417 0560

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered by electronic transmission to the office of Assistant U. S. Attorney, Sara M. Bloom Esq.

Signed: _____

Christian N. Okonkwo